IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OLIVER ALDRIDGE, # 254561 | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 05-0054-BH-C |
| SUZETTE DAILEY, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either frivolous or fail to state a claim upon which relief can be granted.

**I.  Complaint (Doc. 1).**

Plaintiff names as defendants Nurse Suzette Dailey, Director of Nurses Shipman, and Dr. Robert Barnes.  Plaintiff alleges the following against the defendants.  Plaintiff claims when he was suffering from kidney stones, defendant Dailey performed a catheter procedure puncturing his urinary tract and urinary bladder.  Dr. Stalling of Daphne, Alabama, advised the plaintiff and the officers accompanying him that the puncture had

caused urine and blood to poison plaintiff's system and that surgery was required to rectify the damage. Plaintiff was told that his urinary tract was permanently scarred and will give him trouble in the future, and that he may suffer from prostate cancer in the future.

Plaintiff alleges defendant Barnes is the medical doctor over Fountain Correctional Facility's hospital and is responsible for the nurses who work under him. And defendant Shipman is responsible for hiring a competent work staff, but defendant Dailey is not competent. For relief, plaintiff seeks compensatory and punitive damages.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir.

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.) , *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III.  Discussion.

Plaintiff's claim against defendant Dailey is for puncturing his urinary tract and bladder while attempting to catheterize him. As presented, only negligence is conveyed by the supporting facts contained in plaintiff's allegations. There is no indication of any intent to harm plaintiff or any indifference on defendant Dailey's part. Thus, no greater degree of culpability is demonstrated by defendant Dailey than negligence.

In order to state a claim under § 1983, a plaintiff must establish a violation of a constitutional right. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). However, "a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property" does not violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 328, 106

S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *see Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986) ("As we held in *Daniels*, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

In the medical context, "in order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment. *Id.* at 105-06, 97 S.Ct. at 292. Negligence in treating and in diagnosing does not rise to level of deliberate indifference. *Id.* That is, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. at 292. Deliberate indifference requires "subjective recklessness as used in the criminal law . . . as it is consistent with the Cruel and Unusual Punishments Clause." *Farmer v. Brennan,* 511 U.S. 825, 839-40, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). Therefore, because plaintiff's claim against defendant Dailey is based on negligence, there has not been a violation of plaintiff's constitutional rights. Thus, plaintiff has failed to state a claim upon which relief can be granted against defendant Dailey.

Another person whom plaintiff seeks to hold liable for his alleged injury is the director of nurses, defendant Shipman, because she is responsible for hiring a competent work staff and defendant Dailey is incompetent. Supervisory officials cannot be held

"liable under section 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1396 (11th Cir. 1994) (quoting *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir. 1992)); *see Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). A supervisor may only be held liable "'when the supervisor personally participates in alleged constitutional violation or when there is causal connection between actions of the supervising official and the alleged constitutional violation.'" *Dalrymple v. Reno,* 334 F.3d 991, 995 (11th Cir.) (citations omitted), *cert. denied,* 541 U.S. 935, 124 S.Ct. 1655, 158 L.Ed.2d 395 (2004).

In the present action, plaintiff is attempting to connect defendant Shipman to his alleged injury because it is her alleged responsibility to hire competent nurses. In order to hold defendant Shipman liable, there must be an underlying constitutional violation. *Id.* However, there is no underlying constitutional violation in this instance. No claim is, therefore, stated against defendant Shipman. *Rooney v. Wilson,* 101 F.3d 1378, 1381-82 (11th Cir.) (where there is no underlying constitutional violation, further inquiry regarding a supervisor's liability is unnecessary), *cert. denied,* 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997); *cf. Andrews v. Fowler,* 98 F.3d 1069, 1077 (8th Cir. 1996) (city held not liable for rape by officer because the city was only negligent when it failed to follow every hiring procedure in employing officer).

The remaining defendant is Dr. Barnes. Plaintiff complains defendant Barnes is "responsible for the actions of the nurses that work under him." By this allegation, the

Court finds plaintiff is seeking to hold defendant Barnes liable solely based on the acts of defendant Dailey. Section 1983, however, does not recognized this type of liability based on *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Accordingly, plaintiff's claim against defendant Barnes is frivolous as a matter of law.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either are frivolous or fail to state a claim upon which relief can be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 15th day of June, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. *Objection*. Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                            s/WILLIAM E. CASSADY
                                                            UNITED STATES MAGISTRATE JUDGE